## Parker, Appellant, v. Krick.

Argued January 14, 1969. Before JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Theodore O. Rogers,* for appellant.

*Peter J. Nolan,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, April 23, 1969:

Appellants are property owners in Concord Township, Delaware County. Tax assessments against their property were made between September 15, 1967 and December 4, 1967 and notices of the raised assessments were sent between December 4, 1967 and January 1, 1968. The then prevailing statute, Act of June 26, 1931, P. L. 1379, §§7, 8, as amended, 72 P.S. §§5348, 5349, provided that the Board of Assessment and Revision of Taxes was to examine and revise annual assessments before September 15th; prepare an assessment roll before October 1st; and mail notices of changed valuations (and of the right to appeal by November 1st) by October 1st. Because of the board's noncompliance with the foregoing statutes, appellants moved for equitable relief, asking that the board be restrained from including the new assessments in the 1968 assessment rolls and that the tax collector be enjoined from collecting taxes based on the new assessments. The court below held that the statutory provisions in question were merely directory, not mandatory,[1] sustained appellee's preliminary objections, and dismissed appellants' bill.

---

[1] Under the Act which became effective on January 1, 1969, added December 14, 1967, P. L. 834, §3, 72 P.S. §535j.1, the "dates specified . . . for the performance of any acts or duties shall be construed to be mandatory and not discretionary with the officials who are designated by this act to perform such acts or duties."

We agree with the court below that the notice dates in the statute should be construed as directory.[2] We need not consider a provision of this type to be mandatory "so long as the rights of property owners to protest their assessments and to appeal therefrom are respected. . . . Moreover, the Act was not intended to afford an escape for a property owner from just taxation because of the oversight, inadvertence or dilatoriness of an assessor or of the Board of Revision." *Pennsylvania Railroad Co. v. Board of Revision of Taxes*, 372 Pa. 468, 473, 93 A. 2d 679, 682 (1953). Since we held in *Taylor Borough Appeal*, 408 Pa. 56, 182 A. 2d 754 (1962), that a contesting taxpayer could not be deprived of his rights when a late appeal resulted from the board's own noncompliance with a time requirement, it is clear that appellants here could in no way have been prejudiced by the board's actions. Thus their rights "to protest their assessments and to appeal therefrom" are fully preserved as required by *Pennsylvania Railroad*, supra, and the requirement should be construed as directory.

We are aware that this Court stated in dictum in *Taylor Borough Appeal*, supra, that the provisions of the act before us are mandatory. However, the Court there was discussing the time of appeal provisions of the Act to which contesting taxpayers are subject. There is no inconsistency in viewing those provisions, which are similar in nature to statutes of limitations, as being mandatory, while holding the provisions to which the board is subject as being directory within the rationale of *Pennsylvania Railroad*.

---

In cases like the one before us, which are covered by the old act which contains no such explicit statement by the Legislature, our past judicial interpretations continue to control.

[2] In light of this decision, we need take no position as to whether appellants took the correct procedural route in attacking the assessments.

Appellants argue that the words of the statute are free from ambiguity, and thus we are precluded from interpreting their meaning by looking to the purpose of the act. See Statutory Construction Act §51, Act of May 28, 1937, P. L. 1019, §51, 46 P.S. §551. This argument is wholly without merit. The words of the statute before us do not indicate whether the provisions are mandatory or directory, *compare* the new act discussed in note 1 supra, and thus interpretation is necessary.

The decree of the Court of Common Pleas of Delaware County is affirmed. Each party to pay own costs.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.